Okay, Ms. Mercer, who is participating by Zoom, do you have any questions for Ms. Mercer? Ms. Mercer, go ahead. Ms. Mercer May it please the Court, Amir Mercer, Pro Se. This appeal challenges the dismissal of my ADA and New York State and New York City human rights law claims. The district court did not follow the correct legal standard at the pleading stage. First, the court asked for medical evidence as proof of disability, which is not required at Rule 8. A plaintiff only needs to allege medical disability, not prove it with evidence. Second, the district court did not adhere to the legal standards set under NYCHRL, which allows for a plaintiff to allege differential treatment, not permanent and severe disability. And third, my complaint demonstrated that accommodation was requested and denied, but the district court weighed evidence and resolved factual issues at the pleading stage, which is prohibited at Rule 12. And so I believe it is the court's job not to decide whether I will prevail in this case, but whether the claims that I made were plausible, and I respectfully submit that they were. And so I'm asking for a reversal and remand for this case to proceed under the correct legal standards. Thank you. Thank you very much, Ms. Mercer. We'll hear from the appellee, Ms. Kulak. Good morning, Your Honors. May it please the Court. Marjorie Kulak from Talbot, McGuire, and Margolis for the appellee, Viacom CVS, Paramount. The Court should dismiss Appellant Myra Mercer's appeal in this case because as an initial matter, it was untimely filed. And even if the Court does not dismiss her appeal because it was untimely, it should dismiss her appeal because the correct standard was applied by the district court, and the district court correctly dismissed her complaint pursuant to federal rule of civil court. Why do you say it was untimely? There was no separate judgment entered in this case, right? The court issued an order dismissing the case. Yes, but there was not a separate judgment, which is required under the federal rules for a case like this, but basically for almost any case except for a few exceptions. And the rules of appellate procedure say that if no judgment is entered, then you have, for reasons I can't quite fathom, 150 days. It's not just an extension, but you can wait a long time before you file the notice of appeal in that event. So, I mean, in other words, you'd be right measured from the date of the order of dismissal, but the date runs from the entry of a judgment where a separate judgment is required. So I believe in Federal Rule of Appellate Procedure A1a, the notice of appeal must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from. And so here the order was entered, the case was closed. There was nothing further to be done in this case. The case was closed. Okay. Okay, can I ask about sort of the merits of it? The district court says something like she hasn't shown that she has a disability because she hasn't suffered an adverse reaction, right? So the district court held that in Ms. Mercer's second medical complaint, she references her tribal medical contraindication, which is attached to her complaint. And in that document, it specifically states that she does not, in the complaint, she's alleging that her disability is an allergic reaction to the COVID-19 vaccine. And she attaches to that complaint a document which states not that she has an allergy to the COVID-19 vaccine, but only that she could have an allergy to the COVID-19 vaccine. And this is a document that you can download off the Internet if you pay a fee, complete with the doctor's signature, and then you fill in your name when you get the document. That is not in the record, but I don't disagree. I don't disagree with the line of argument there. That's a different question. So it might be, you know, it's true. Maybe we don't take notice of what's on the Internet, but to the extent that it's filed in other cases, maybe we could take notice of that. Right, because that's not what I'm talking about. But so that might be a reason for saying that she hasn't shown that she has a disability, but to the extent that the complaint says, I have a condition that leads to an increased risk of an allergic reaction, that would be an allegation of a disability. I actually had to suffer the allergic reaction in order to be able to claim a disability, right? But respectfully, Your Honor, that's not actually, that is not alleged in this complaint at all. There is nothing that is alleged in the record in the complaint here that states that Ms. Mercer has a disability. She makes a conclusory statement of allergies, which is then augmented by the additional information that she mentions. Well, the document, I mean, again, maybe you don't have to credit the document for other, but that's a different thing. But it talks about a bio, a bio variant. A genetic bio variant. A genetic bio variant that might lead to an allergic reaction. So assuming for the present purposes that we credit that that is an allegation of a condition that might lead to an allergy, that would be alleging a disability, right? We might not credit it for reasons to which Judge Lynch alludes. But, like, it can't be right that you actually have to suffer the harm if, you know, an artist has a disability. Like somebody might avoid an allergen and never have suffered the harm, but they know that they're allergic, so that's a disability. But there's no facts in this record that Ms. Mercer has an actual allergy. It's only that this could cause an allergic reaction. There's nothing in it. But, I mean, that seems to me a sort of semantic matter, isn't it? I mean, you're saying that there has to be a statement that the person has an allergy. But what does it mean to have an allergy? If I have an allergy to peanuts, why couldn't that be expressed by I have a genetic bio variant that can cause a massive allergic reaction? Having an allergy means that if you are exposed to the allergen, you could have an allergic reaction. But respectfully, Your Honor, Ms. Mercer does not state that she's allergic to the COVID-19 vaccine. She does not state that she's ever, she has not identified any ingredient in the COVID-19 vaccine that she's allergic to. But she says, excuse me, but she says she attaches this document for whatever it is worth. She attaches this document. And as a pro se litigant, wouldn't we incorporate the document that she attaches as being part of her allegations? Yes. Yes, Your Honor. So you're saying that the difference is it says that her genetic makeup, whatever that might be, could cause an allergic reaction. You're saying it would have to say would cause an allergic reaction? Yes, Your Honor. Yes. Let me draw inferences in favor of the complaint that it could cause an allergic reaction, like it's reasonable that it's like pretty likely that it would. In order, you know, just merely having an allergic reaction, I mean, just to, that's not enough to be a disability under the Americans with Disabilities Act, or the New York State or New York City human rights law. You have to have a disability that limits a major life activity. And there's a case, the Southern Districts decided the case in Norman versus NYU Langone, where the person had actually a reaction to the flu shot. And they found that that person was not disabled in that case. Because merely just having a reaction and then going about your day driving home, you know, that doesn't limit a major life activity. Well, are you saying that what this certificate says is a genetic biovariance that could cause an allergic reaction? Are you suggesting that maybe this is something like having a gene that predisposes someone to breast cancer? You have the gene, but you don't have breast cancer yet, and you may never. But you could have it, and you have a higher risk of having it than someone else in the population. But we wouldn't generally regard that as a disability as such. Is that the kind of distinction we're making? Because, I mean, it's parsing this certificate pretty closely, but I'm trying to figure out exactly what the parsing would get us to. I mean, so is this really saying this person has a gene that could make her allergic? But we don't know. So I think genetic biovariance just means that her genes are different. There's some difference in the gene. It doesn't say anything about what those genes are. It doesn't include any system. Well, I get the point that if you take the flu vaccine and it leads to some discomfort for 20 minutes, and then you go about your day, that's not a disability that impacts a major life activity. But, again, assuming that we credit this affidavit, which is a question, it does say that if she were to get the vaccine, it would adversely impact her immunity permanently and her future offspring. So, like, if you had such a reaction that it would do that, would that impact a major life activity? That has to actually – it's just saying it could affect her. You think it's speculative. I think it's highly speculative. But regardless, I mean, you also, I think, would agree that if we – like, if a genetic biovariance that could induce receptor membrane changes is not a real thing, like, the district court is obligated to credit that. Correct. I mean, I don't know that we have to credit statements in this tribal medical contraindication that don't have a plain meaning. And I also don't know that we have to credit statements in this tribal medical contraindication for anything other than what's stated in the document, which doesn't state that Ms. Meyer is allergic. And it doesn't actually – it's not real. It doesn't state that she will have – if, in fact, somebody has an allergy that could prevent her ability to have children if she got the vaccine or something like that, that would be a disability. That's not what it says here in the document. Okay, you just think it hasn't been shown. It has – And then in terms of the religious claim, it's the same document, right? It's this tribal indication. That's correct. It doesn't actually really describe a religious objection exactly. It sort of just describes this medical. I mean, it's from a tribal official, I suppose, but it doesn't describe a religious objection. That's correct, Your Honor. Okay. Thank you very much, Ms. Poulak. The case is submitted. Thank you very much.